## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**REGINALD TAYBORN**
**ADC #127843**                                                    **PLAINTIFF**

**V.**                          **NO. 4:25-cv-00485-JM-ERE**

**RICKETTS, *et al.***                                            **DEFENDANTS**

### ORDER

*Pro se* plaintiff Reginald Tayborn, an Arkansas Division of Correction ("ADC") inmate, has filed a complaint under 42 U.S.C. § 1983. *Doc. 2*. This Order identifies multiple problems with Mr. Tayborn's complaint. Rather than formally screen his complaint at this time, the Court will give him an opportunity to file an amended complaint correcting those problems.[1]

### I.    Background

Mr. Tayborn's complaint alleges that, as a result of the conditions of his cell, in March 2025, he slipped and fell, causing him to suffer foot and head injuries. He

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

explains that Defendants Earl, Ricketts, and Reed were aware of the unsafe conditions of his cell, but acted with deliberate indifference to his safety by allowing him to be remain housed in the unsafe and overly crowded cell. Mr. Tayborn sues Deputy/Assistant Warden Ricketts, Director/Head Warden Earl, Director/Head Warden Jackson, and Chief Deputy Director Marshall Reed in both their individual and official capacities seeking money damages.

## II.    <u>Problems with Complaint</u>

### A.    **Personal Involvement**

Mr. Tayborn's complaint fails to allege facts to show how Defendant Jackson personally participated in unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Accordingly, as stated, Mr. Tayborn's complaint fails to state a plausible constitutional claim against Defendant Jackson.[2]

---

[2] To the extent that Mr. Tayborn seeks to hold any supervisor individually liable for the actions of their subordinates, such a claim would not survive screening. Under the law, any individual's supervisory role does not make him or her legally responsible for the unconstitutional conduct of the employees that he or she supervises. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Saylor v. Nebraska*, 812 F3.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of,

## B.    Conditions of Confinement

To move forward on an inhumane conditions of confinement claim, Mr. Tayborn must allege facts which, taken as true, support a reasonable inference that he suffered a serious deprivation of "the minimal civilized measure of life's necessities" and the "offending conduct [was] wanton." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382, F.3d 870, 875 (8th Cir. 2004) (citations and quotation marks omitted). Mr. Tayborn must allege facts to support both objective and subjective elements of the claim. Although Mr. Tayborn generally alleges that Defendants Rickets, Earl, and Reed were aware of the unconstitutional conditions of confinement, he alleges no facts to explain how each named Defendant found out about the conditions in his cell and how long they had knowledge of the conditions before he slipped and fell.

---

and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability").

Finally, assuming that Mr. Tayborn slipped on the wet floors at the unit, and that each Defendant was aware that the floors were wet, such conduct, while arguably negligent, does not rise to a constitutional level. See *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim); and *Davis v. Dorsey*, 167 F.3d 411, 412 (8th Cir. 1999) (affirming dismissal of inmate's slip and fall claim, which amounted to no more than negligence); *Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997) (slip and fall in water on the bathroom floor at the Cummins Unit is a claim of negligence which is not actionable under the Fourteenth or Eighth Amendment).

### C.    Sovereign Immunity

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Mr. Tayborn's claims for money damages from any Defendant in his or her official capacity are barred by sovereign immunity.

### III.    <u>Guidelines for Filing Amended Complaint</u>

Mr. Tayborn has thirty days to file an amended complaint. If filed, the amended complaint should: (1) explain how each Defendant personally was aware of the alleged unconstitutional conditions of his cell; (2) specifically describe the

conditions of his cell; and (3) state what each individual Defendant failed to do which caused him to suffer injury.

Mr. Tayborn's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Tayborn should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Tayborn should not rely upon, or incorporate by reference, any allegations made in the original complaint. In other words, Mr. Tayborn's amended complaint, if filed, will stand alone.

Finally, in the amended complaint, Mr. Tayborn need only include a "short and plain statement" showing that she is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that Mr. Tayborn may rely on later to prove the claims raised in this lawsuit.

### III.   Conclusion

IT IS THEREFORE ORDERED THAT:

1.     Mr. Tayborn may file an amended complaint within thirty (30) days of the entry of this Order.

2.     If Mr. Tayborn fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of claims.

3.     The Clerk is instructed to provide Mr. Tayborn a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 20 May 2025.

_____
UNITED STATES MAGISTRATE JUDGE